**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZHENGLIANG HE, | No. 08-70951 |
| Petitioner, | Agency No. A097-861-305 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 11, 2011**
Pasadena, California

Before:    LEAVY and WARDLAW, Circuit Judges, and MAHAN, District
Judge.***

Zhenliang He, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *See Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's findings that, even if credible, He failed to establish past persecution because his detention and physical mistreatment did not rise to the level of persecution. *See id.* at 1019-21 (detention, beating and interrogation did not compel a finding of past persecution by Chinese police on account of unsanctioned religious practice); *see also Prasad v. INS*, 47 F.3d 336, 340 (9th Cir. 1995) ( "Although a reasonable factfinder *could* have found this incident sufficient to establish past persecution, we do not believe that a factfinder would be compelled to do so.") (emphasis in original). Substantial evidence also supports the agency's finding that He failed to establish a well-founded fear of future persecution. *See id.* at 1022. Accordingly, He's asylum claim fails.

Because He failed to establish his eligibility for asylum, he necessarily failed to meet the higher standard of eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

08-70951

Finally, substantial evidence supports the agency's denial of CAT relief because He failed to show it is more likely than not he will be tortured if returned to China.  *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**